FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 2008-43 |
| SHAWN TYSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Theodore St. Claire, AUSA**
St. Thomas, U.S.V.I.
        *For the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
        *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the appeal of defendant Shawn Tyson ("Tyson") from a pretrial detention order entered by the United States Magistrate Judge on August 11, 2008.  For the reasons stated below, the Court will affirm the detention order.

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 2

## I.  FACTS

On August 1, 2008, the government filed a complaint, which charged Tyson with dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) ("Section 922(a)(1)(A)"). The government moved for Tyson's pretrial detention, pursuant to 18 U.S.C. § 3142 ("Section 3142").

## A.    The Detention Hearing

The Magistrate Judge conducted a hearing on the government's pretrial detention motion on August 6, 2008, and issued an order granting the government's motion on August 11, 2008.  Tyson was present and represented by counsel at the detention hearing.

At the hearing, the government presented one witness, special agent Penny Stricklin ("Stricklin") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Stricklin testified that on July 31, 2008, she received a call from an ATF agent in Tennessee who advised her that Tyson had declared nine firearms, ammunition, and magazines in his luggage, and was en route to St. Thomas, U.S. Virgin Islands.  Stricklin conducted a records search and saw that Tyson was not a licensed firearms dealer.

When Tyson arrived in St. Thomas, he was arrested. Thereafter, Tyson's luggage was searched and eleven firearms were found--two disassembled and nine assembled--along with 500 rounds

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 3

of ammunition, and extra magazines.  One of the firearms was an assault rifle.

Stricklin further testified that Tyson had previously purchased and transported to St. Thomas a number of other firearms this year.  In January, 2008, Tyson purchased three firearms.  In February, 2008 he purchased ten firearms.  In July, 2008, he purchased seven firearms.  In each instance, subsequent to the purchases, Tyson traveled to St. Thomas with the firearms. A search of Tyson's house in Tennessee recovered no firearms. The investigation also revealed that Tyson is unemployed, and is a member of the Tennessee National Guard.

The testimony presented at the hearing revealed that Tyson had graduated from high school in St. Thomas.

Tyson's mother, Julie France ("France"), testified on his behalf.  France testified that she is a resident of St. Thomas who has worked at the same location for eight years.

While France also testified that she was in constant contact with Tyson, she was unaware of his trips earlier in 2008 from Tennessee to St. Thomas.  France also testified that Tyson had family in St. Kitts with whom he was not particularly close.  She testified that her family travels to St. Kitts every December.

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 4

## II.  DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (finding that the Bail Reform Act falls within that limited exception).  Based on the idea that detention prior to trial is an exception, the Bail Reform Act, 18 U.S.C. § 3145(b) ("Section 3145(b)") provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter.

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *cf. United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that Section 3145(b) contemplates *de novo* review by the district court of a magistrate's order for bail pending trial).  Under this standard, "a district court should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Leon,* 766 F.2d 77, 80 (2nd Cir.

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 5

1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail").

## A.    Standard of Review

In conducting a *de novo* review of a magistrate judge's pretrial detention order, the court may rely on the evidence presented before the magistrate judge. *See United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990) ("[T]he district court is not required to start over in every case . . . ."); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge). Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. *See Koenig,* 912 F.2d at 1193.

## B.    Standard for pretrial detention

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon a motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 6

The determination of whether any conditions of release can reasonably assure the defendant's appearance in court and the safety of the community is based on the following four factors:

> (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person and the community that would be posed by the person's release.

*Id.* at § 3142(g) ("Section 3142(g)"); *see also United States v. Traitz,* 807 F.2d 322, 324 (3d Cir. 1986); *United States v. Coleman*, 777 F.2d 888, 892 (3d Cir. 1985).  To justify pretrial detention, the government must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence. *See* 18 U.S.C. § 3142(f)*; United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986); *Traitz,* 807 F.2d at 324.

A finding of either risk of flight or danger to the community is a sufficient source of authority to detain the defendant. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

### III.  <u>ANALYSIS</u>

**A.   Flight Risk**

In this case, there are several facts that weigh against the government's claim that Tyson presents a flight risk.  He has

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 7

ties to at least two communities.  His mother and extended family
live in St. Thomas.  His National Guard obligations are in
Tennessee.  Moreover, Tyson has no criminal history.  While he
has some relatives in St. Kitts, the government has not
demonstrated by a preponderance of the evidence that Tyson's
appearance as required in this matter would be unlikely if he
were released.

**B.   Safety of the community**

With respect to the safety of the community, the Section
3142(g) factors weigh in favor of detaining Tyson pending trial.

First, the crime with which Tyson is charged is a very
serious one.  The unlicensed dealing in firearms facilitates
criminal access to guns and can increase violent crime.  Tyson
was caught with eleven guns in his suitcase.  One of those guns
was an assault rifle, and another was a pistol that shoots a
rifle caliber.  Neither can be legally registered in the Virgin
Islands.  ATF investigation showed that Tyson has brought at
least twenty guns to St. Thomas during 2008.

Second, the weight of the evidence against Tyson is
substantial.  He has no license to deal in firearms.  The Court
also takes note that the number of guns Tyson is accused of
transporting to St. Thomas is quite large. *Cf. United States v.
Carter*, 203 F.3d 187, 191 (2d Cir. 2000) (noting that section

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 8

922(a)(1)(A) of title 18 calls for sentencing with consideration of the number of guns involved). Given that volume, a reasonable inference could be made that Tyson was illegally selling guns.

The third factor weighs in Tyson's favor. Most importantly, he has no criminal history. He went to Tennessee to enroll in job corps. He is a member of the Tennessee National Guard. He maintains close contact with his mother. There is no evidence of a history or character of violence.

Given the nature of the charges against Tyson, the Court finds that his release pending trial would pose a substantial risk to the safety of the community. Those who sell guns illegally, especially assault weapons, cause great harm to the community. If Tyson is released on bail, he may continue to facilitate the influx of dangerous firearms into the community. Those weapons may end up hurting members of the community.

It is true that Tyson's mother testified at trial, offering to act as a third party custodian and to enforce Tyson's compliance with the law. Even if he is under her custodianship, the Court is not convinced that Tyson does not pose a threat to the safety of the community.

Applying the factors in Section 3142(g), the Court finds that there are no conditions that would assure the community's safety if Tyson were released pending trial.

*United States v. Tyson*
Criminal No. 2008-43
Memorandum Opinion
Page 9

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Tyson's motion for revocation or amendment of the Magistrate Judge's order for pretrial detention.  An appropriate Order follows.


S\_____
          **CURTIS V. GÓMEZ**
            **Chief Judge**

FOR PUBLICATION


### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN


| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 2008-43 |
| SHAWN TYSON, ) | |
| ) | |
| Defendant. ) | |
| ──────────────────────── ) | |



ATTORNEYS:

**Theodore St. Claire, AUSA**
St. Thomas, U.S.V.I.
     *For the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
     *For the defendant.*


## ORDER

**GÓMEZ, C.J.**

     Before the Court is the appeal of defendant Shawn Tyson

("Tyson") from a pretrial detention order entered by the United

States Magistrate Judge on August 11, 2008.  For the reasons

stated in the accompanying Memorandum Opinion of even date, it is

hereby

*United States v. Tyson*
Criminal No. 2008-43
Order
Page 2

     **ORDERED** that the Magistrate Judge's pretrial detention order

is **AFFIRMED.**


          **S\\**_____
                **CURTIS V. GÓMEZ**
                 **Chief Judge**